United States District Court
Southern District of Texas
**ENTERED**
October 31, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KIMBERLY COLLINS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-02414 |
| § | |
| MIDLAND MORTGAGE, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

Pending before the Court is the defendant's, Midland Mortgage, motion to dismiss (Docket No. 5). The plaintiff, Kimberly Collins, is *pro se* and has not filed a response in opposition to the defendant's motion. After considering the motion, the record, and the applicable law, the Court determines that the defendant's motion should be **GRANTED**.

### II.   FACTUAL BACKGROUND

This suit arises out of a foreclosure proceeding on a residential home located at 3237 Calumet Street, Houston, Texas 77004. According to the plaintiff, on or about September 2006, she purchased and began occupying the property with her children. Yet, she did not execute a mortgage with a financial institution. Instead, she formed a purchase agreement with the legal mortgagee, Franklin Wesley Jr., without involving Chase Bank, who owned exclusive rights to the property's mortgage loan.

In 2018, the plaintiff, Wesley, and Chase Bank agreed to modify the mortgage loan, which added the plaintiff as another mortgagee. Thereafter, the defendant purchased the rights to the

mortgage loan from Chase Bank. On June 26, 2020, Wesley died of complications from contracting Covid-19. After his death, the plaintiff lost access to the mortgage documents and the method(s) to forward a payment. She later discovered that the defendant did not have a record of the loan modification that she executed with Wesley and Chase Bank. In response, the plaintiff requested that the defendant modify the loan to add her as a mortgagee. Her request was denied by the defendant, but it informed her that she could "assume the loan" to avoid foreclosure. She agreed to complete the required tasks in order to successfully assume the loan and remained in telephone contact with the defendant while her application was pending. Unbeknownst to the plaintiff, however, the defendant subsequently began foreclosure proceedings on the property.

On or about June 28, 2022, the plaintiff filed an action against the defendant in the 334th District Court for Harris County, Texas, alleging violations of the Texas Debt Collection Act, the Texas Business and Commerce Code, and the Texas Property Code. In addition, she requested a declaratory judgment and a temporary restraining order to prevent the foreclosure sale that was scheduled to take place on July 5, 2022. On June 29th, the state court granted a temporary restraining order and scheduled a hearing to decide the matter on July 12, 2022. Eight days after the hearing, the defendant removed the case to this Court on diversity grounds, and approximately one month later, filed a motion to dismiss the plaintiff's case pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires that a plaintiff plead facts sufficient to state a plausible cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If a defendant believes a complaint is insufficient, he may move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for

failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). When considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of her claims, not whether the plaintiff will eventually prevail. *See Twombly*, 550 U.S. at 563 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). Lastly, a *pro se* plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

IV. **ANALYSIS**

The defendant filed its motion to dismiss more than 60 days ago, yet the plaintiff has not responded. Pursuant to this Court's local rules, responses to motions are due within 21 days unless the time is extended; hence a failure to respond may be taken as a representation of no opposition. S.D. Tex. L.R. 7.3–7.4. Notwithstanding the plaintiff's failure to file a response, the Court may not "automatic[ally] grant, upon failure to comply with such rules, [a] motion[] that [is] dispositive of the litigation." *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (internal quotation marks omitted) (quoting *John v. La.*, 757 F.2d 698, 709 (5th Cir. 1985)). Without "a clear record

of delay or contumacious conduct," courts should consider "whether less severe sanctions would suffice." *See Pettiford*, 442 F.3d at 919 (internal quotation marks omitted) (quoting *Ramsey v. Signal Delivery Svc.*, 631 F.2d 1210, 1214 (5th Cir. 2006)).

In this instance, the record is clear and undisputed that the plaintiff is in default. In its motion, the defendant contends that the case should be dismissed because Texas law does not require a defendant to produce an original promissory note or lien transfer documents prior to commencing a foreclosure. The plaintiff alleges, however, that the defendant is likely in possession of a document(s) that the defendant refuses to produce, which may prove that she was denied certain mortgagee rights prior to and during foreclosure proceedings. This is simply an assumption on the plaintiff's part and does not constitute evidence. Not only has the plaintiff failed to contest the motion to dismiss, she also has not provided any evidence to support her claims or to rebut the defendant's contentions. Accordingly, the plaintiff's cause of action fails.

## V.    CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion to dismiss is **GRANTED**.

It is so **ORDERED**.

SIGNED on October 31, 2022, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge